IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

AMANDA D. MEYERS                                                                  PLAINTIFF

vs.                                         Civil No. 3:18-cv-03074

NANCY A. BERRYHILL                                       DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Amanda D. Meyers ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Supplemental Security Income ("SSI"), and Disability Insurance Benefits ("DIB") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed her disability applications on December 16, 2015. (Tr. 34). In her applications, Plaintiff alleges being disabled due to bipolar disorder, panic disorder, generalized anxiety disorder, and borderline personality disorder. (Tr. 266). Plaintiff alleges an onset date of August 1, 2000. (Tr. 34). These applications were denied initially and again upon reconsideration.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

(Tr. 81-134).

Plaintiff requested an administrative hearing on her denied applications, and this hearing request was granted. (Tr. 152-168). Plaintiff's administrative hearing was held on July 20, 2017 in Harrison, Arkansas. (Tr. 49-80). At this hearing, Plaintiff was present and was represented by counsel, Rick Spencer. *Id.* Plaintiff and Vocational Expert ("VE") Debra Steel testified at this hearing. *Id.* At this hearing, Plaintiff also testified she was thirty-six (36) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008). (Tr. 55).

At this hearing, the ALJ entered an unfavorable decision on her disability applications. (Tr. 31-48). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through March 31, 2017. (Tr. 37, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 1, 2000, her alleged onset date. (Tr. 37, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, bipolar disorder with depression, generalized anxiety disorder, and borderline personality disorder. (Tr. 37, Finding 3). Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 37-39, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 39-43, Finding 5). First, the ALJ evaluated Plaintiff' subjective complaints and found they were not entirely credible. *Id.* Second, the ALJ determined Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she is limited to performing jobs involving simple tasks and simple instructions, and she can have only incidental contact with the public.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform her PRW. (Tr. 43, Finding 6). The ALJ considered Plaintiff's ability to perform other work existing in significant numbers in the national economy. (Tr. 43-44, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon this testimony, the ALJ determined Plaintiff retained the capacity to perform the following three occupations: (1) ampoule sealer (sedentary, unskilled) with 21,400 such jobs in the nation and 170 such jobs in the state; (2) escort vehicle driver (sedentary, unskilled) with 158,845 such jobs in the nation and 1,665 such jobs in the state; and (3) fishing reel assembler (sedentary, unskilled) with 24,840 such jobs in the nation and 365 such jobs in the state. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from August 1, 2000 through the date of his decision or through December 13, 2017. (Tr. 44, Finding 11).

Plaintiff sought review with the Appeals Council. On May 31, 2018, the Appeals Council denied this request for review. (Tr. 1-7). On July 5, 2018, Plaintiff filed a Complaint in this matter. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF No. 7, 14-15. This case is now ready for determination.

**2.** **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past

relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 14 at 1-10. Plaintiff raises one claim for reversal: the ALJ erred in considering her mental RFC. *Id.* Upon review, and consistent with the following, the Court finds the ALJ's mental RFC determination is supported by substantial evidence; thus, the Court finds no basis for reversal on this issue.

Plaintiff claims the ALJ improperly assessed her limitations and failed to consider jobs she could "hold" despite her mental impairments. ECF No. 14 at 2-10. In making this argument, Plaintiff has the burden of persuasion "to prove disability and demonstrate [residual functional capacity]." *Vossen v. Astrue,* 612 F.3d 1011, 1016 (8th Cir. 2010). While the ALJ is responsible for determining Plaintiff's true RFC, Plaintiff still has the burden of proving the true extent of her functional capacity and limitations. *See Pearsall v. Massanari,* 274 F.3d 1211, 1218 (8th Cir. 2001).

In the present action, despite Plaintiff's claims to the contrary, the ALJ fully considered her mental impairments. (Tr. 39-43). The ALJ recognized Plaintiff had been diagnosed with borderline personality disorder and generalized anxiety disorder. (Tr. 42). Despite these impairments, the examiner found Plaintiff "could perform the demands of basic work tasks" but "problems with interpersonal relationships would cause problems getting along with others." *Id.* Thus, the ALJ

limited Plaintiff to "performing jobs involving simple tasks and simple instructions and to having only incidental contact with the public." (Tr. 43). Upon review, the Court finds Plaintiff has offered no basis for a determination that her mental limitations are any greater than those found by the ALJ.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 19th day of March 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE